972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lester HOWARD, Defendant-Appellant.
 No. 90-30087.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided Aug. 26, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Lester Howard appeals his convictions for conspiracy and possession with intent to distribute methamphetamine. Howard contends that the district court erred in denying a motion to suppress evidence seized from his house and truck. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm in part and reverse and remand in part.
 
 
 3
 * After a ten-month investigation by the Drug Enforcement Administration ("DEA"), Ronald Lester Howard was indicted for conspiracy and distribution of methamphetamine. Howard allegedly supplied methamphetamine to an intermediary who, in turn, sold it to a confidential informant.
 
 
 4
 Federal and state law enforcement officers went to Howard's house to secure his arrest. The parties dispute whether the officers identified themselves to Howard's wife and children, who answered the door when the officers arrived. There is no dispute, however, that the officers failed to state the purpose of their visit before entering Howard's residence.
 
 
 5
 After Howard was summoned to the living room and placed under arrest, the officers obtained incriminating evidence. The officers then applied for, and procured, a state search warrant. The affidavit in support of the application for a search warrant included information obtained during the officers' entry.
 
 
 6
 Howard's wife, upon learning that the officers intended to search the residence, asked the officers if she could leave. Unable to locate the keys to Howard's truck, and carrying an infant, she accepted an offer of assistance from one of the officers to help locate the missing keys. Concealed with the keys in a pouch, which the officer found under the truck's front seat, was a vial of methamphetamine.
 
 
 7
 In executing the state search warrant, the officers found marijuana, methamphetamine, large quantities of cash and drug paraphernalia in Howard's residence. Howard was subsequently charged with conspiracy, distribution of methamphetamine, possession with intent to distribute methamphetamine, possession of marijuana and the use of a firearm in relation to a drug trafficking crime.
 
 
 8
 Howard moved prior to trial to suppress the evidence found in his house and truck. Howard contended that, in executing the arrest warrant, the officers violated 18 U.S.C. § 3109 by failing to announce the purpose of their visit before entering his residence.[1]
 
 
 9
 Following an evidentiary hearing, a federal magistrate found that the officers had, indeed, violated the "knock and announce" statute. The magistrate refused, however, to suppress the evidence, holding that the evidence in the residence would have been inevitably discovered during the execution of the state search warrant. The magistrate further held that the evidence discovered in the truck was unrelated to the illegal entry of the residence and that Howard's wife had consented to the search. The district court reviewed de novo Howard's motion to suppress and then accepted the magistrate's report and recommendation.[2]
 
 
 10
 After a jury trial, Howard was convicted of conspiracy and possession with intent to distribute methamphetamine and was sentenced to a term of imprisonment of seventy-two months. Howard timely appeals his conviction.
 
 II
 
 11
 We review de novo the district court's grant or denial of a motion to suppress. United States v. Yarbrough, 852 F.2d 1522, 1533 (9th Cir.), cert. denied, 488 U.S. 866 (1988). We review for clear error the district court's findings of fact. United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.), cert. denied, 476 U.S. 1185 (1986).
 
 III
 
 12
 Howard first contends that the district court erred in failing to suppress the evidence found in his house.
 
 
 13
 In Murray v. United States, 487 U.S. 533 (1988), the Supreme Court squarely decided the issue that we are faced with in this case. In Murray, law enforcement officers made an illegal entry into a warehouse where they observed bales of marijuana. Later that day, the agents obtained a search warrant, reentered the warehouse and seized the marijuana as well as notebooks with the names of customers for whom the bales were destined. The district court refused to suppress the evidence and the court of appeals affirmed. In examining the independent source doctrine and its corollary, the inevitable discovery doctrine, the Court stated that
 
 
 14
 [t]he ultimate question ... is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue here. This would not have been the case if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if the information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant.
 
 
 15
 Id. at 542.
 
 
 16
 Because the district court did not "explicitly find that the agents would have sought a warrant if they had not earlier entered the warehouse," the Court vacated the petitioner's judgment of conviction with orders to remand to the district court to make such a determination. Id. at 543-44.
 
 
 17
 Here, as in Murray, no determination was made as to whether the agents would have sought a warrant if they had not earlier obtained incriminating evidence in the illegal entry into Howard's residence. In addition, no determination was made as to whether the tainted information in the affidavit in support of the application for a search warrant affected the magistrate's decision to issue the warrant.[3] Accordingly, we vacate Howard's judgment of conviction and remand to the district court to make those determinations. If the officers' decision to seek the warrant was prompted by the incriminating evidence the officers obtained during the initial entry, or if the information obtained during that entry affected the magistrate's decision to issue the warrant, the evidence seized from the residence must be suppressed. See United States v. Salas, 879 F.2d 530, 538-39 (9th Cir.1989).
 
 IV
 
 18
 Howard also contends that the district court erred in failing to suppress the evidence found in his truck.
 
 
 19
 The exclusionary rule, which bars the admission of evidence obtained in violation of the Fourth and Fourteenth Amendments, extends beyond the direct products of government misconduct to the "fruit of the poisonous tree." Nardone v. United States, 308 U.S. 338, 341 (1939). Whether evidence is "fruit of the poisonous tree," however, depends upon whether the government misconduct significantly directed the investigation toward the evidence sought to be suppressed. United States v. Johns, 891 F.2d 243, 245 (9th Cir.1989); United States v. Aguilar, 883 F.2d 662, 708-09 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991).
 
 
 20
 In this case, the district court did not err in holding that the illegal entry into Howard's residence did not significantly direct the officers' investigation toward Howard's truck. A combination of courtesy and fortuity, not government misconduct, led the officers to the vial of methamphetamine in the truck. Although Howard also contends that his wife did not voluntarily consent to a search of the truck, the district court's finding that she requested assistance in locating the keys, thereby consenting to a search of the truck, is not clearly erroneous. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991); United States v. Hunt, 893 F.2d 1028, 1032 (9th Cir.1990).
 
 V
 
 21
 AFFIRMED in part; REVERSED AND REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 "[T]o the extent that the fourth amendment and section 3109 are essentially coextensive, the applicable remedies--principally suppression--should likewise be identical." United States v. Lockett, 919 F.2d 585, 589 (9th Cir.1990)
 
 
 [2]
 The government argues that, because Howard's objections to the magistrate's report and recommendation were untimely, Howard waived his right to appeal. The failure to file timely objections waives factual issues on appeal. United States v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir.), cert. denied, 488 U.S. 954 (1988). Because the issues in this appeal are not purely factual, Howard has not waived his right to raise them. Id
 
 
 [3]
 Although the district court correctly held that "probable cause is established without the evidence obtained as a result of the initial entry," such a determination is not enough to satisfy Murray. Id. at 543